IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PEREZ GRAPHICS & DESIGN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1907-K-BN |
| | § | |
| GEOFRAME ENERGY LLC and BRUCE LEE CUTRIGHT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

United States District Judge Ed Kinkeade has referred Plaintiff John Perez Graphics & Design LLC ("JPG")'s lawsuit against Defendants GeoFrame Energy LLC and Bruce Lee Cutright to the undersigned United States magistrate judge for pretrial management. *See* Dkt. Nos. 1 & 21; 28 U.S.C. § 636(b).

After JPG first moved for entry of default and for default judgment, *see* Dkt. No. 12, the Court vacated the entry of default [Dkt. No. 13], explaining that JPG

> asserts two claims: (1) federal copyright infringement and (2) violation of the federal Digital Millennium Copyright Act. *See* Doc. No. 1 at 3-4. Looking, for example, at the claim for copyright infringement, "a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015) (internal quotations and citation omitted). The Court notes that this record, notably the Complaint, does NOT include a copy of the copyrighted illustration and/or the allegedly infringing modified illustration(s) and does not describe the content of either in any detail. *See ConcernedApe, LLC v. CEYYO*, 2026 WL 2078921, at *2 (W.D. Tex. July 17, 2026) (confirming that the court looks to whether "the Complaint sufficiently sets forth facts showing that [the plaintiff] is entitled to relief"). Without that, the Court cannot assess the substantial similarity of the works on

> just Plaintiff's bare, conclusory assertions. *See, e.g.*, *id.* at *3 (although a copy of the copyright registration was attached to the complaint, the plaintiff failed to include an image of its protected work that the defendant allegedly infringed and, because the defendant was "not deemed to admit substantial similarity based on [the plaintiff's] conclusory allegations," the court found the plaintiff did not plausibly allege a copyright infringement claim because the court was unable to determine substantial similarity of the works); *Guardian Garage Midwest, LLC v. Polyguard Garage of Tex., LLC*, Civ. Action No. 3:23-CV-1581-N-BK, 2026 WL 827614, at *5 (N.D. Tex. Mar. 9, 2026) (Toliver, M.J.), *accepted by* 2026 WL 825515 (Mar. 25, 2026) (Godbey, S.J.); *see also Thomas v. Leyline Publ'g, Inc.*, Civ. Action No. 3:24-CV-3061, 2025 WL 1642400, at *4 (June 10, 2025) (Boyle, J.) (concluding the plaintiffs did not carry their burden of showing likelihood of success on the merits of their copyright infringement claim because the protected materials and the allegedly infringing materials were not part of the record leaving the court unable to determine whether those materials were substantially similar). Without commenting on the sufficiency of the other two elements, the Court would not be able to determine whether Plaintiff has pled a prima facie claim for copyright infringement.

Dkt. No. 14.

JPG did not then amend its complaint.

Instead, it again requested entry of default [Dkt. No. 15] and filed an amended motion for default judgment [Dkt. No. 17].

The amended motion did not "include an image of its protected work that the defendant allegedly infringed," Dkt. No. 14, but – and only in response to the Court's notice of deficiency [Dkt. No. 18] – JPG then filed a supplement to the amended motion for default judgment that includes an image, *see* Dkt. No. 19.

Regardless, the operative complaint in this lawsuit remains defective for the reasons the Court has set out.

And, so that complaint can neither support entry of default nor a default judgment, as again, the Court must assess the merits of the plaintiff's claims and find

a "sufficient basis in the ***pleadings*** for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis added); *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

Without doubt, "[m]otions are not pleadings." *SEC v. Novinger*, 96 F.4th 774, 781 (5th Cir. 2024) (quoting *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 454 (5th Cir. 2022); citing 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 7.02[1][b], at 7-5 (3d ed. 2023) ("No other paper will be considered a pleading except those specifically named in Rule 7(a). A motion in any other form cannot stand as a pleading.")).

The Court should therefore vacate the entry of default and deny the amended motion for default judgment.

## Recommendation

The Court should vacate the Clerk's entry of default [Dkt. No. 16] and deny Plaintiff John Perez Graphics & Design LLC's amended motion for default judgment [Dkt. Nos. 17 & 19].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE